POWALKA, Appellant, v. STATE MUTUAL LIFE ASSURANCE COMPANY OF AMERICA, Respondent.*

*No. 263. Argued December 2, 1971.—Decided January 4, 1972.*
(Also reported in 192 N. W. 2d 852.)

---

* Motion for rehearing denied, with costs, on February 29, 1972.

514

516

For the appellant there was a brief by *Schober & Radtke* of New Berlin, attorneys, and *Maroney & Schiro* of Milwaukee, of counsel, and oral argument by *Thomas P. Maroney* and *Jack A. Radtke.*

For the respondent there was a brief by *Foley & Lardner,* attorneys, and *Gilbert W. Church* of counsel, all of Milwaukee, and oral argument by *Mr. Church.*

HEFFERNAN, J. Upon remand, the plaintiff moved for a trial by jury. That request was granted. On the next day, an affidavit of prejudice was filed, which was honored by Judge RASKIN, and the case was transferred to the branch of the circuit court presided over by Judge ROLLER, to be placed on the jury calendar. The mandate of this court gave the option to the trial judge on remand to determine whether a new trial was to be had, and we are satisfied that it was within the discretion granted to the trial judge to make the election in respect to the necessity or mode of further trial. Despite plaintiff's request for a jury trial, the reciprocal motions for summary judgment by the defendant and by the plaintiff constituted a waiver of any right to jury trial that might have theretofore existed. A motion for summary judgment carries with it the explicit assertion that the movant is satisfied that the facts are undisputed and that on those facts he is entitled to judgment as a matter of law. We pointed out in *Wiegand v. Gissal* (1965), 28 Wis. 2d 488, 495a, 495b, 137 N. W. 2d 412, 138 N. W. 2d 740 (per curiam opinion on rehearing), ". . . the practical effect of the bilateral summary judgment motions was the equivalent of a stipulation as to the facts."

Accordingly, the plaintiff's motion for summary judgment, coupled with the defendant's motion, constituted a waiver of her previous request for a jury trial.

Plaintiff chose to rely on the legal conclusions to be reached by the trial judge on what were, in effect, stipulated and undisputed facts. Plaintiff's later demand for a jury trial made after Judge ROLLER'S decision to grant summary judgment for the defendant was a nullity.

The trial judge reached his legal conclusions on the undisputed facts of record. In his decision he pointed out that there was no dispute that Stanley Powalka represented:

"(1) That the last doctor he had consulted before making the application was Dr. Schmidt, deceased, five to seven years prior thereto, for hay fever;

"(2) That he had never had pain or pressure in the chest and shortness of breath;

"(3) That he had never had any special examinations such as X ray and electrocardiogram;

"(4) That he has never consulted or sought advice or treatment of a physician for any reason not already mentioned."

Judge ROLLER further stated:

". . . the record in this case admits of no conclusion other than that the insured's representations were false and made with intent to deceive. It is established in the record, and not otherwise contended, that the insured was an intelligent, successful and meticulous businessman and there is no issue with respect to his fully understanding and comprehending the questions in his application for insurance."

On the basis of these facts, which Judge ROLLER found to be undisputed, he concluded:

". . . as a matter of law that the untrue statements of the applicant for the policy of insurance were not 'innocent misrepresentations,' that they were material, made by the applicant with the actual intent to defraud

or deceive, to induce a favorable report of the medical examiner and that the applicant procured the certificate of health and the policy of insurance through such fraud." [3]

To arrive at this conclusion, the trial judge needed to look only to the uncontested facts, and from those facts he could only arrive at the inference that the conduct of the insured arose out of an actual intent to defraud the insurance company. The inference thus reached was sufficient as a matter of law to prove that Stanley Powalka intended to defraud the insurer. We passed on a similar problem in *Monahan v. Mutual Life Ins. Co.* (1927), 192 Wis. 102, 109, 212 N. W. 269, wherein we said:

"We can conceive of no inference consistent with an innocent purpose on the part of the insured that can be drawn from these facts and circumstances. It is impossible to indulge the thought that her suppression of the damaging facts was due to a lack of memory or mere inadvertence. Her illness was so recent, and the advice which she received from Dr. Pember concerning her health was of so grave a nature, that it must have given her more than passing concern and left an impression upon her mind and memory that could not have faded within a period of three weeks. We hold that the evidence discloses as a matter of law an actual intent on her part to deceive the defendant company."

The *Monahan Case,* together with this court's opinion in *Powalka, supra,* is dispositive of the plaintiff's con-

---

[3] " 'Fraud, if an element in this case, must arise out of a false representation. We have held that for a misrepresentation to be fraudulent, it must consist "first, of a statement of fact which is untrue; second, that it was made with intent to defraud and for the purpose of inducing the other party to act upon it; third, that he did in fact rely on it and was induced thereby to act, to his injury or damage." *International Milling Co. v. Priem* (1923), 179 Wis. 622, 624, 192 N. W. 68.' [quoting from *McCluskey v. Thranow* (1966), 31 Wis. 2d 245, 252, 142 N. W. 2d 787]." *Volk v. McCormick* (1969), 41 Wis. 2d 654, 165 N. W. 2d 185.

tentions. Under the undisputed evidence, the insurance company was not estopped by sec. 209.07, Stats., to assert a defense, for the certificate of health "was procured by . . . the fraud or deceit of the insured."

The plaintiff also relies on a portion of Judge RASKIN'S decision in the first trial. Therein he said:

". . . we do not find any intent to deceive defendant's insurance company but we do find that the misrepresentations referred to increased the risk and contributed to the loss."

On the appeal (*Powalka, supra,* p. 158), commenting on that statement by the trial judge, we said, "This comes close to a conclusive finding negativing an essential element of a defense based upon fraud or deceit." We went on to say, however, that Judge RASKIN had not purported to reach the issue of fraud or deceit. Since he did not, in fact, address himself to that issue, his statement did not constitute a finding binding on the subsequent proceedings. On the remand, the trial court addressed itself specifically to the issue of fraud and deceit, and it ruled as a matter of law that the defendant's conduct was fraudulent. That conclusion was based on the application of proper legal standards to the undisputed facts.

*By the Court.*—Judgment and order affirmed.