James W. SMITH and Thomas D. White,
Plaintiffs-Respondents,

v.

STATE FARM FIRE & CASUALTY COMPANY,
Defendant-Appellant.

Court of Appeals

*No. 85–1218. Submitted on briefs October 9, 1985.—Decided October 28, 1985.*
(Also reported in 380 N.W.2d 372.)

For the defendant-appellant the cause was submitted on the briefs of *Michael E. Ehrsam* and *Moen, Sheehan, Meyer & Henke, Ltd.,* of La Crosse.

For the plaintiffs-respondent the cause was submitted on the brief of *Jeffrey D. Knickmeier* of DeSoto.

Before Cartzke, P.J., Dykman, J., and Eich, J.

EICH, J. State Farm Fire and Casualty Company appeals from an order denying its motion for summary judgment. Respondents James Smith and Thomas White were sued in Iowa by a third party for their role in a real estate transaction. The issue is whether State Farm, respondents' insurer, had a duty to defend them in the Iowa action under the terms of a commercial umbrella policy.

We conclude: (1) that State Farm's duty to defend is determined by the nature of the claim stated in the Iowa complaint, despite the availability of later depositions and other discovery materials in the action; and (2) that the acts alleged in the complaint—intentional infliction of emotional distress and fraudulent breach of contract—do not constitute an "occurrence" within the meaning of the coverage provisions of the policy. It follows that State Farm's motion for summary judgment should have been granted, and we therefore reverse.

Summary judgment is appropriate where there are no issues of material fact and the moving party is entitled to judgment as a matter of law. *In re Cherokee Park Plat,* 113 Wis.2d 112, 115–16, 334 N.W.2d 580, 582–83 (Ct. App. 1983).

Both parties moved for summary judgment. Such a motion carries with it "the explicit assertion that the movant is satisfied that the facts are undisputed and that on those facts he is entitled to judgment as a matter of law." *Powalka v. State Mut. Life Assurance Co.,* 53 Wis.2d 513, 518, 192 N.W.2d 852, 854 (1972). Despite the bilateral motions, the trial court concluded that there was an unre-

solved question of fact. By its terms, State Farm's umbrella policy comes into play only when the underlying liability policy does not provide coverage for the loss. The trial court stated that it could not determine "the basic question of whether a defense was owed" because "the pleadings [did] not address the issue of the underlying insurance." The court considered this to be an unresolved issue of fact and denied both motions without reaching the merits.

The pleadings indicate, however, that respondent's cause of action is based solely on the umbrella policy, and State Farm agrees that coverage under the umbrella policy is the only issue in the case. Moreover, "the practical effect of the bilateral summary judgment motions [is] the equivalent of a stipulation as to the facts." *Wiegand v. Gissal,* 28 Wis.2d 488, 495a–95b, 137 N.W.2d 412 (1965), 138 N.W.2d 740, 741 (1966) (per curiam opinion on rehearing); *Powalka,* 53 Wis.2d at 518, 192 N.W.2d at 854.

In summary judgment cases, we follow the same analysis as the trial court.[1] We have examined the pleadings; the complaint states a claim for recovery under the umbrella policy and State Farm's answer joins the issue. The affidavits of both parties indicate that respondents have a prima facie claim and that State Farm has a prima facie defense. All material facts having been stipulated, we proceed to decide the legal issues.[2]

---

[1] The procedure, discussed in several cases, notably *In re Cherokee Park Plat,* 113 Wis.2d at 115–16, 334 N.W.2d at 582–83, need not be repeated here.

[2] We follow the same procedure used by the supreme court in *Gray v. Rural Casualty Ins. Co.,* 47 Wis.2d 663, 177 N.W.2d 817 (1970). In that case, as here, the trial court had erroneously concluded that the affidavits raised a material issue of fact. Because the supreme court, like this court, decides the legal issues *ab initio* in summary judgment cases where the material facts are not in dispute, it proceeded to consider those issues, as we do here.

The allegations of the complaint determine whether a third-party action comes within the policy coverage so as to create a duty to defend on the part of the insurer. *Grieb v. Citizens Casualty Co.*, 33 Wis. 2d 552, 557–58, 148 N.W.2d 103, 106 (1967). "It is the nature of the claim alleged against the insured which is controlling even though the suit may be groundless, false or fraudulent." *Id.* at 558, 148 N.W.2d at 106.

Respondents argue, however, that we must go beyond the pleadings in the Iowa case to determine State Farm's duty to defend. The case has now been settled, and respondents contend that we must look to depositions and other discovery materials, and to the terms of the settlement agreement itself, rather than limit our inquiry to the allegations of the complaint. *Grieb,* they assert, is inapplicable to such a situation, citing *Pachucki v. Republic Insurance Co.,* 89 Wis. 2d 703, 278 N.W.2d 898 (1979). *Pachucki* does not discuss *Grieb,* and the case is readily distinguishable. There, the trial was bifurcated; the question of coverage was tried to the court, presumably because there were questions of fact whose resolution was essential to the determination. Where, as here, there is no factual dispute, questions of insurance coverage are customarily decided on motions for summary judgment. *Caraway v. Leathers,* 58 Wis. 2d 321, 328, 206 N.W.2d 193, 197 (1973). Indeed, when the facts are not in dispute and the legal issues are capable of resolution, summary judgment is mandatory. Sec. 802.08, Stats. *Wright v. Hasley,* 86 Wis. 2d 572, 577–78, 273 N.W.2d 319, 322 (1979).

In this case, respondents, perhaps for tactical reasons, did not challenge State Farm's rejection of the tendered defense and elected not to litigate the issue of coverage in the Iowa action. Instead, they undertook to try only the issues of liability and damages and eventually reached a settlement. The rule of *Grieb* has been consistently followed in Wisconsin. *See, e.g., Sola Basic Ind. v. U.S. Fidelity & Guaranty Co.,* 90 Wis. 2d 641, 646, 280

N.W.2d 211, 213–14 (1979); *Gerrard Realty Corp. v. American States Ins. Co.,* 89 Wis.2d 130, 141, 277 N.W.2d 863, 869 (1979). We adhere to it in this case and reject respondents' argument.

State Farm's umbrella policy provides coverage "for . . . loss . . . which the Insured shall become legally obligated to pay as damages because of personal injury or property damage or advertising injury to which this policy applies, *caused by an occurrence*" (emphasis added). State Farm concedes that the incident for which respondents claim coverage resulted in "personal injury" to the Iowa plaintiff within the meaning of the quoted clause. The question is whether the events giving rise to the Iowa action constituted an "occurrence."

The term is defined in the policy as follows: "Occurrence—means an accident, including injurious exposure to conditions, which results, during the policy period, in personal injury . . . neither expected nor intended from the standpoint of the Insured." The purpose of using the word "occurrence" in such clauses is to permit consideration of the state of mind of the actor as it relates to the resultant damage, rather than only as it relates to causation. *Patrick v. Head of Lakes Cooperative Elec. Ass'n,* 98 Wis.2d 66, 69, 295 N.W.2d 205, 207 (Ct. App. 1980). Its use affords coverage for an intended act and an intended result only if they cause unintended damage. *Id.* at 70, 295 N.W.2d at 207.

The Iowa complaint alleged that respondents, through fraud and misrepresentation, intentionally induced the plaintiff to purchase a parcel of real estate and then conspired to secure the forfeiture of that property to their own advantage and to the plaintiff's damage. Specifically, the complaint alleged: that respondents "intend[ed] to defraud and deceive the [p]laintiff"; that respondents' "intentional disregard for the truth was willful, wanton and malicious"; that respondents acted "maliciously, willfully and contemptuously . . . knowing

302

that [their] conduct would further cause plaintiff mental and emotional distress;" that respondents made "false and fraudulent" representations to the plaintiff; that respondents "conspired" with another individual to harm plaintiff in a "willful, wanton and outrageous" manner; and that the acts of respondents "were a breach of [contract]."

The allegations of the complaint contemplate not only intended acts and intended results but intended injury as well. Appellant argues, however, that *Poston v. U.S. Fidelity & Guaranty Co.,* 107 Wis.2d 215, 320 N.W.2d 9 (Ct. App. 1982), compels a contrary conclusion. We disagree. There the court reversed a summary judgment for the insurer, concluding that the insured's act of throwing gasoline on two brawling women did not necessarily trigger an identical policy exclusion when the insured was sued by one of the women who was injured when another onlooker threw a lighted match at them, igniting the gasoline. The insured had been convicted of causing injury by conduct regardless of life for his role in the incident, and the trial court held that although intent to injure is not an element of that offense,[3] expectation of injury is, and thus, given the conviction, there could be no coverage as a matter of law. The court of appeals disagreed with the trial court's conclusion, noting that the words "expected" and "intended" in the policy exclusion are substantially the same. *Id.* at 220–21, 320 N.W.2d at 12. Because the court concluded that the insured's acts as alleged in the complaint could give rise to conflicting inferences as to "whether he acted with . . . intention or expectation of injury," it held that summary judgment was improper. *Id.* at 222, 320 N.W.2d at 13.

---

[3] The elements of the offense, a felony under sec. 940.23, Stats., are (1) great bodily harm to the victim (2) caused by conduct of the defendant which is (3) imminently dangerous and (4) evincing a depraved mind, regardless of human life. *Randolph v. State,* 83 Wis.2d 630, 641, 266 N.W.2d 334, 339 (1978).

■

There are no competing factual inferences in the Iowa complaint. It plainly alleges that respondents intended to cause the plaintiff's injuries. The underlying events—the intentional infliction of mental distress and fraudulent breach of contract—could not be construed as "occurrences" under the policy definition, even under the most liberal rules of pleading. *Poston* is distinguishable, and we conclude that summary judgment is warranted.

*By the Court.*—Order reversed and cause remanded with directions to grant appellant's motion and dismiss the complaint as to State Farm Fire and Casualty Company.