Stephen A. DIXON, et al., Appellants,

v.

NATIONAL AMERICAN INSURANCE COMPANY, Respondent.

No. C6–87–804.

Court of Appeals of Minnesota.

Sept. 1, 1987.

Mark L. Knutson, Duluth, for appellants.

Gary J. Pagliaccetti, Virginia, for respondent.

Heard, considered and decided by RANDALL, P.J., and LANSING and MULALLY*, JJ.

## OPINION

EDWARD D. MULALLY, Judge.

Appellants appeal from a summary judgment declaring that respondent has no duty to defend or indemnify appellants in a lawsuit brought against them by the purchasers of their house.

## FACTS

In October, 1983, Stephen Dixon and his former wife (not a party) sold their home to George and Darlene Miller. When Dixon and his former wife owned the house and until the sale closed, the house was insured under a homeowner's policy issued by National American Insurance Company ("National").

In October 1984, the Millers commenced an action against Dixon and his current wife, Sheri alleging that the well and septic system for the house are inadequate, and that the septic system is outside the property's boundaries. They seek to recover damages based on claims of breach of warranty, negligent or intentional fraudulent misrepresentation, and deceptive or fraudulent trade practices.

Dixons then brought this action seeking a declaration that National has an obligation to defend and indemnify them under the policy. Both sides moved for summary judgment. The trial court held for National, holding there was no coverage under the policy. The Dixons' motion for summary judgment was denied, as was their motion for reconsideration. They appeal from the summary judgment for National.

* Acting as judge of the Court of Appeals by appointment pursuant to Minn. Const. art. 6, § 2.

## ISSUE

Did the trial court err in granting National summary judgment declaring the policy did not require it to defend or indemnify the Dixons in the suit by the Millers?

## ANALYSIS

On appeal from a summary judgment, this court determines whether there are any genuine issue of material fact and whether the trial court incorrectly applied the law. *Betlach v. Wayzata Condominium*, 281 N.W.2d 328, 330 (Minn.1979).

The insurer has the burden of showing there is no duty to defend. *Lanoue v. Fireman's Fund American Insurance Cos.*, 278 N.W.2d 49, 52 (Minn.1979). If any part of the claim is arguably covered by the policy, the insurer should defend and reserve its right to contest coverage based on facts developed at trial. *Brown v. State Automobile & Casualty Underwriters*, 293 N.W.2d 822, 825–26 (Minn. 1980).

The Dixons argue the Millers' suit is covered under the policy's "Coverage E," which provides:

If a claim is made or suit is brought against any insured for damages because of bodily injury or *property damage* to which this coverage applies, we will:

a. pay up to our limit of liability for the damages for which the insured is legally liable; and

b. provide a defense at our expense by counsel of our choice.

(Emphasis in original.)

The Dixons assert the Millers' suit is for "property damage," and therefore it falls within this provision. The policy defines "property damage" as

physical injury to or destruction of tangible property, including loss of use of this property.

The Millers' claim is not for property damage and does not fall within Coverage E. The Millers contend that the septic system and well were inadequate, and the

septic system is not within the property's boundaries. There is no allegation that the property was injured or damaged in any way. The damage was to the Millers and their interest in the property, not to the property itself and there is no coverage under the policy terms.

### DECISION

The trial court did not err in granting summary judgment to respondent declaring that the policy did not require it to defend or indemnify appellants in the lawsuit brought against them.

Affirmed.