Thomas L. EHLERS and Linda M. Ehlers, Plaintiffs,

v.

H.A. JOHNSON, individually, d/b/a Owner Realty Company, Ray Dehmer, individually, and d/b/a Owner Realty Company and Alias Insurance Company No. 1, Defendants,

Gary R. FRISCH and Nancy Frisch, Defendants-Third-Party Plaintiffs-Appellants,

v.

STATE FARM FIRE & CASUALTY COMPANY, Third-Party Defendant-Respondent.

Court of Appeals

*No. 91-0166. Submitted on briefs July 15, 1991.—Decided September 10, 1991.*

(Also reported in 476 N.W.2d 291.)

On behalf of defendants-third-party plaintiffs-appellants, the cause was submitted on the briefs of *Tori A. Vesely* of *Ament, Wulf & Frokjer* of Merrill.

On behalf of third-party defendant-respondent, the cause was submitted on the brief of *David A. Piehler* of *Terwilliger, Wakeen, Piehler & Conway, S.C.* of Wausau.

Before Cane, P.J., LaRocque and Myse, JJ.

LAROCQUE, J. Gary R. Frisch and Nancy Frisch, defendants accused of misrepresenting the lot lines in the sale of their lake property, appeal a summary judgment dismissing their third-party claim against their homeowner's insurer, State Farm Fire and Casualty Company. The Frisches sought recovery under their State Farm policy for the costs of defending the underlying misrepresentation action as well as indemnity for any damages ultimately awarded the plaintiff-buyers, Thomas and Linda Ehlers. The policy provided the Frisches liability coverage for property damage for which they were liable. The policy defined "property damage" to mean "*physical injury to or destruction of tangible property, including loss of use of this property.*" The circuit court concluded that State Farm had no obligation under the policy because the claim here did not involve the physical injury or destruction of tangible property. It also rejected the claim for costs of defending the misrepresentation action because the third-party complaint failed to allege facts that, if proven, would give rise to State Farm's liability. We agree and affirm.

The facts of the case are undisputed. The Frisches sold their Lynx Lake residence to the Ehlers. After the purchase, the Ehlers filed a complaint against the Frisches and their real estate agents, alleging that during the course of the negotiations, the lot lines of the property were misrepresented. The Frisches then filed a third-party complaint against State Farm, claiming that it was obligated to defend them and to pay any damage award. State Farm sought and received summary judgment.

■

When there are no factual disputes, questions of insurance coverage may be decided on motions for summary judgment. *Smith v. State Farm Fire & Cas. Co.,* 127 Wis. 2d 298, 301, 380 N.W.2d 372, 374 (Ct. App. 1985). When reviewing a grant of summary judgment, we must follow the same methodology as the trial court. Because that methodology is well known, it need not be repeated here. *Paape v. Northern Assur. Co.,* 142 Wis. 2d 45, 50, 416 N.W.2d 665, 667 (Ct. App. 1987); *see also Preloznik v. City of Madison,* 113 Wis. 2d 112, 116, 334 N.W.2d 580, 582-83 (Ct. App. 1983).

■

Absent any stated legislative policy to the contrary, an insurance company's liability is based upon the contract between the parties and must be governed by its terms and conditions. *Paape,* 142 Wis. 2d at 51, 416 N.W.2d at 668. When there is no ambiguity in the terms of the policy, we will merely apply the terms and not engage in construction. *Western Cas. & Surety Co. v. Budrus,* 112 Wis. 2d 348, 351, 332 N.W.2d 837, 839 (Ct. App. 1983). Words or phrases are ambiguous when they are susceptible to more than one reasonable meaning. *Smith v. Atlantic Mut. Ins. Co.,* 155 Wis. 2d 808, 811, 456 N.W.2d 597, 598-99 (1990).

The Frisches argue that the alleged diminution in market value as well as use value to the Ehlers constitutes "property damage" as defined in their homeowner's policy. "Property damage" is defined as "physical injury to or destruction of tangible property, including loss of use of this property." The Frisches would interpret the clause "including loss of use of this property" to mean all tangible property, not just physically injured or destroyed property. We disagree. We conclude that the clause "including loss of use of this property" is unambiguous. The only reasonable meaning of the clause is that it defines property damage to include loss of use damage that accompanies physical injury or destruction. The Minnesota Court of Appeals reached the same conclusion from identical policy language in *Dixon v. National Amer. Ins. Co.*, 411 N.W.2d 32 (Minn. Ct. App. 1987).

The loss of use clause is introduced by the verb "including." The dictionary defines "including" as "to take in or comprise as part of a whole . . .." *The Mirriam-Webster Dictionary* 358 (1974). The loss of use clause is thus introduced as a subset of "physical injury to or physical destruction of tangible property." If the loss of use clause were interpreted as the Frisches would have it, i.e., as any nonphysical injury to tangible property, the definition of property damage would effectively read: "physical injury to . . . tangible property, including non-physical injury." We reject such a contradictory reading.

The Frisches rely on *Sola Basic Indus. v. USF&G*, 90 Wis. 2d 641, 280 N.W.2d 211 (1979), to support their proposition that "tangible property may be damaged in that it is diminished in value or made useless, irrespective of actual physical injury to the tangible property."

*Id.* at 654, 280 N.W.2d at 217. That case does not support the Frisches' construction of their policy. In *Sola,* "damages" included damages for loss of use of property resulting from property damage. "Property damage" was defined as "injury to or destruction of tangible property." The issue in *Sola* was whether the latter definition required physical injury. The court determined that it did not. In support of its determination, the court noted that the definition of property damage at issue was standardized in 1966 for use in comprehensive general liability policies and cited the following comments from an analysis of that definition:

> "The new definition omits any requirement of physical injury as a prerequisite for coverage. The National Bureau [of Casualty Underwriters] states that the policy will cover the insured's legal liability if no specific exclusion applies even though the tangible property is not physically damaged but is made useless by the act of an insured." Obrist, *The New Comprehensive General Liability Insurance Policy. A Coverage Analysis.* (Defense Research Institute, 1966).

*Id.* at 647–48, 280 N.W.2d at 214. In obvious contrast, the policy here explicitly requires physical injury but permits damages for the loss of use arising out of the physical injury.

The Frisches also cite *Budrus* for the proposition that the loss of use of land constitutes property damage even though there is no physical harm. However, in *Budrus,* "property damage" was specifically defined as including "loss of use of tangible property which has not been physically injured or destroyed provided such loss of use is caused by an occurrence during the policy period." *Id.* at 351–52, 332 N.W.2d at 839. The absence

of a requirement for physical injury readily distinguishes the policy from the State Farm policy here.

The Frisches further argue that State Farm has a duty to defend because of the nature of the allegations of the Ehlers' complaint. An insurer has the obligation to defend if the complaint "alleges facts which, if proven, would give rise to liability covered under the terms and conditions of the policy." *Sola*, 90 Wis. 2d at 646, 280 N.W.2d at 213. In this case, even if the allegations concerning misrepresentation were proven, State Farm would still not be liable under the terms of its policy. This is so because there was no allegation of physical property damage. Therefore, State Farm is under no obligation to defend.

The Frisches also request costs incurred for defending the underlying action up until the hearing determining coverage. Their argument appears to be that even though State Farm promptly contested coverage, it had a duty to provide them with a defense until the question of coverage was decided. However, State Farm has a duty to defend before the coverage hearing only if the complaint alleges sufficient facts that if proven would obligate State Farm to defend the Frisches. *Elliott v. Donahue*, 163 Wis. 2d 1059, 473 N.W.2d 155 (Ct. App. 1991). As we stated previously, in this case, even if the facts were proven, State Farm would have no such duty. Therefore, State Farm is not responsible for the costs incurred before the summary judgment hearing.

*By the Court.*—Judgment affirmed.