529 N.W.2d 504 (1995)
GREAT WEST CASUALTY COMPANY, Appellant,
v.
Chad L. BARNICK, Respondent.
No. C3-94-2061.
Court of Appeals of Minnesota.
April 4, 1995.
*505 Michael W. McNee, Andrea E. Reisbord, Cousineau, McGuire & Anderson, Minneapolis, for appellant.
Kenneth W. Pearson, Hillstrom Bale Anderson Polstein Pearson & Hill Ltd., Minneapolis, for respondent.
Considered and decided by PARKER, P.J., NORTON and SCHUMACHER, JJ.

OPINION
SCHUMACHER, Judge.
The district court found that appellant Great West Casualty Company (Great West) was required to pay "prejudgment" interest on a settlement reached prior to commencement of a lawsuit. We reverse and remand.

FACTS
On May 4, 1993, respondent Chad L. Barnick was driving a motorcycle. He collided with a truck operated by Ronald J. Munsterteiger, who was working for Arlon Trucking at the time. Barnick became paraplegic as a result of the accident.
Munsterteiger and Arlon Trucking were named insureds on a policy issued by Great West. The policy limit was $1,000,000. The parties settled for the policy limits soon after the first settlement demand. No action was ever filed in court. The parties could not agree, however, as to whether the policy provided for prejudgment interest in this situation. The policy states, in part:
Supplementary Payments. In addition to the applicable Limit of Insurance, we will pay, with respect to any claim we investigate or settle, or any "suit" against an "insured" we defend:
(1) All expenses we incur.
* * * * * *
(5) All costs taxed against the "insured" in any "suit" we defend.
(6) All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" we defend; but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.
(7) Prejudgment interest awarded against the "insured" on that part of the judgment we pay.
Great West brought a declaratory judgment action to determine if it was required to pay interest. The district court granted summary judgment, concluding that Great West must pay the interest.

ISSUE
Did the district court err in awarding "prejudgment" interest pursuant to Great West's policy?

ANALYSIS
On appeal from summary judgment, this court decides whether the district court correctly applied the law and whether there are any genuine issues of material fact. State by Cooper v. French, 460 N.W.2d 2, 4 (Minn.1990). Interpretation of an insurance contract is a question of law, which this court reviews de novo. Garrick v. Northland Ins. Co., 469 N.W.2d 709, 711 (Minn.1991).
The district court ruled in Barnick's favor stating: "The policy expressly provides that Great West will pay prejudgment interest on `any claim [Great West] investigate[s] or settle[s].'" Barnick brought a claim which was settled by Great West; thus, the district court reasoned, Barnick was entitled *506 to prejudgment interest. Great West argues that this conclusion is erroneous because the term "prejudgment interest" presupposes that there was a judgment. We agree with Great West.
We begin by looking at the construction of the supplementary payment provision. The introductory language is broad, covering any claim investigated or settled or any suit. Some of the individual clauses, however, contain limiting language. For instance, clause (5) provides that the insurer will be responsible for all costs in any "suit," with suit defined in the policy as any civil or alternative dispute resolution proceeding.
Looking to clause (7), we likewise conclude that it has language of limitation. The clause contains such words as "prejudgment," "award," and "judgment." These words are not defined in the policy and must be given their plain and ordinary meaning. St. Paul Fire & Marine Ins. Co. v. National Computer Sys. Inc., 490 N.W.2d 626, 631 (Minn.App. 1992), pet. for rev. denied (Minn. Nov. 17, 1992). "Judgment" is commonly defined as "a formal or authoritative decision * * * A determination of a court of law; a judicial decision." American Heritage Dictionary 975 (3d ed. 1992). The Minnesota Supreme Court stated, when interpreting the prejudgment interest statute, that "judgment" has "no ordinary meaning other than as relative to judicial proceedings." Lucas v. American Family Mut. Ins. Co., 403 N.W.2d 646, 651 (Minn.1987). "Award" means "[t]o grant as merited," "[t]o give as legally due." American Heritage Dictionary at 129. Here, there was no judgment. There was no interest awarded against the insured. Thus, we conclude, under the plain meaning of the policy, Great West is not required to pay interest.
Great West and Barnick also ask this court to decide if Great West is required to pay prejudgment interest pursuant to Short v. Dairyland, 334 N.W.2d 384 (Minn.1983), and Minn.Stat. § 72A.201, subd. 12 (1992). This was not decided by the district court and will not be reviewed on appeal. See Krueger v. State Farm Fire & Casualty Co., 510 N.W.2d 204, 209 (Minn.App.1993) (scope of review limited to issues decided by trial court).
Finally, Barnick moves to strike references in Great West's brief to the characterization of the insurance policy as a "standard" Insurance Services Office, Inc. form. There is no indication in the record that the Great West policy is a standard Insurance Services Office form; therefore, those references in the brief are stricken. See Minn. R.Civ.App.P. 110.01 (record on appeal consists of papers filed in trial court, exhibits, and transcripts); Kise v. Product Design & Eng'g, 453 N.W.2d 561, 566 (Minn.App.1990) (striking items not part of record). This case, however, does not warrant sanctions.

DECISION
The district court erred in concluding that, under the policy, an insurer is required to pay "prejudgment" interest on a settlement reached prior to commencement of suit. We remand the issue of whether Barnick is entitled to prejudgment interest under Minn. Stat. § 72A.201, subd. 12 (1992) and Short v. Dairyland, 334 N.W.2d 384 (Minn.1983).
Reversed and remanded.