**GREAT WEST CASUALTY COMPANY,**
**Respondent,**

v.

**Chad L. BARNICK, Appellant.**

**No. C2–95–1624.**

Court of Appeals of Minnesota.

Jan. 23, 1996.

Michael W. McNee, Andrea E. Reisbord, Cousineau, McGuire & Anderson, Chartered, Minneapolis, for respondent.

Kenneth W. Pearson, Hillstrom, Bale, Anderson, Polstein, Pearson & Hill, Ltd., Minneapolis, for appellant.

Considered and decided by AMUNDSON, P.J., and KLAPHAKE and HARTEN, JJ.

### OPINION

KLAPHAKE, Judge.

Chad L. Barnick appeals from a grant of summary judgment to respondent Great West Insurance Company (Great West), determining that Great West is not required to pay interest on a settlement amount under *Short v. Dairyland Ins. Co.*, 334 N.W.2d 384

(Minn.1983) and Minn.Stat. § 72A.201, subd. 12 (1992). We affirm.

### FACTS

On May 4, 1993, Barnick was driving a motorcycle when it collided with a truck driven by Ronald J. Munsterteiger. Barnick became a paraplegic as a result of the accident.

Munsterteiger was insured under a policy issued by Great West with liability limits of $1,000,000. The parties settled for the policy limits soon after the first settlement demand was made. The parties disputed whether Great West also owed prejudgment interest on the settlement amount and agreed to litigate the issue.

Great West brought this declaratory judgment action to determine whether Barnick is entitled to prejudgment interest under either the insurance policy or as a matter of law. In August 1994, the district court concluded that the Great West policy expressly provides for payment of prejudgment interest on settlement amounts and granted summary judgment to Barnick. The court did not reach the parties' alternative issue of whether Barnick is entitled to prejudgment interest under Minnesota law.

Great West appealed. In reversing, this court concluded that under the plain meaning of the policy, Great West is not required to pay prejudgment interest when no judgment has been rendered and when settlement was reached prior to the commencement of a lawsuit. *Great West Casualty Co. v. Barnick,* 529 N.W.2d 504, 506 (Minn.App.1995). This court remanded the matter to the district court to consider the alternative issue of whether Barnick is entitled to prejudgment interest under Minn.Stat. § 72A.201, subd. 12 (1992) and *Short v. Dairyland Ins. Co.,* 334 N.W.2d 384 (Minn.1983).

On remand, the district court held that Minnesota law does not require Great West to pay prejudgment interest and granted summary judgment to Great West. Barnick now appeals.

### ISSUE

Did the district court err in concluding that Minnesota law does not require Great West to pay prejudgment interest?

### ANALYSIS

█ On appeal from summary judgment, this court must determine whether there are any genuine issues of material fact and whether the district court erred in its application of the law. Minn. R. Civ. P. 56.03. When, as here, the facts are not in dispute, we owe no deference to the district court's application of the law. *Hubred v. Control Data Corp.,* 442 N.W.2d 308, 310 (Minn.1989). Similarly, interpretation of statutes and application of existing case law present questions of law that we review de novo. *See Hibbing Educ. Ass'n v. Public Employment Relations Bd.,* 369 N.W.2d 527, 529 (Minn.1985).

█ In *Short v. Dairyland Ins. Co.,* 334 N.W.2d 384 (Minn.1983), the supreme court held that a liability insurer should settle a claim within its policy limits when it is clear that the insured would be liable to an injured third party if the matter were litigated and the policy limits are less than what a jury would award. *Id.* at 387–89. An insurer who refuses to settle under these circumstances acts in bad faith and is liable in a subsequent action by the insured for any excess verdict obtained by the injured party. Thus, to avoid liability for an excess verdict, Great West offered Barnick its policy limits of $1,000,000.

█ Barnick argues that an insurer who wishes to avoid excess liability must now tender not only its nominal policy limits, but also prejudgment interest. His argument is based on the following statute:

> If a judgment is entered against an insured, the principal amount of which is within the applicable policy limits, the insurer is responsible for their insured's share of the costs, disbursements, and prejudgment interest, as determined under section 549.09, included in the judgment even if the total amount of the judgment is in excess of the applicable policy limits.

Minn.Stat. § 72A.201, subd. 12 (1992).

Minn.Stat. § 72A.201, subd. 12 does not apply to settlements reached prior to any

litigation. It expressly requires that there be a "judgment" against an insured before an insurer's obligation to pay prejudgment interest is triggered. *See Barnick,* 529 N.W.2d at 506 (plain and ordinary meaning of "judgment" relates to judicial decision or judicial proceedings); *see also Lessard v. Milwaukee Ins. Co.,* 514 N.W.2d 556, 558 n. 4 (Minn.1994) (Minn.Stat. § 72A.201, subd. 12 does not apply to underinsured motorist coverage where no judgment is entered against insured). Moreover, it is questionable whether the statute even gives rise to a private right of action. *Cf. Morris v. American Family Mutual Ins. Co.,* 386 N.W.2d 233, 236–38 (Minn.1986) (no private cause of action exists for violation of Minn.Stat. § 72A.20, which is similar to Minn.Stat. § 72A.201). And, contrary to Barnick's assertion, nothing in the language of Minn.Stat. § 72A.201, subd. 12 indicates that the legislature intended to expand the definition of "policy limits" to include prejudgment interest in a case such as this.

Barnick further argues that by refusing to pay prejudgment interest on its settlement amount, Great West is retaining a premium paid by its insured for prejudgment interest coverage while giving nothing in return. We disagree. By immediately responding and settling with Barnick, Great West acted in good faith under *Short* and protected Munsterteiger from any personal liability. Great West has provided Munsterteiger with exactly what he purchased: protection from personal liability. Moreover, Barnick's attempt to treat prejudgment interest as a separate or new form of liability coverage for which premiums are paid ignores the dual purposes of prejudgment interest:

> (1) to compensate the plaintiff for loss of use of his money, and, by implication, to deprive the defendant of any gain resulting from the use of money rightfully belonging to the plaintiff; and (2) to promote settlement.

*Burniece v. Illinois Farmers Ins. Co.,* 398 N.W.2d 542, 544 (Minn.1987). These purposes will be frustrated if we rule that Barnick is entitled to prejudgment interest in this case.

## DECISION

We conclude that Great West is not obligated to pay prejudgment interest on a policy limits settlement reached prior to commencement of any lawsuit. The grant of summary judgment to Great West is affirmed.

**Affirmed.**