Stuart G. **WALKER**, Respondent,

v.

**STATE FARM FIRE & CASUALTY COMPANY**, Appellant.

No. C7–97–649.

Court of Appeals of Minnesota.

Oct. 21, 1997.

Review Denied Dec. 22, 1997.

Brad C. Eggen, Law Offices of Brad C. Eggen, Minneapolis, for respondent.

William M. Hart, Christopher J. Schulte, Meagher & Geer, P.L.L.P., Minneapolis, for appellant.

Considered and decided by DAVIES, P.J., and KLAPHAKE and PETERSON, JJ.

## OPINION

DAVIES, Judge.

Appellant insurance company challenges a summary judgment declaring that it was required to defend respondent in an action brought against him on his alleged guaranty on a loan to his son. We reverse and remand.

## FACTS

It is not disputed that Walter Walker, son of respondent Stuart Walker, forged his father's signature on a revolving loan guarantee. Walter Walker later defaulted on a promissory note related to the guaranteed loan, and the bank sued Stuart Walker to recover the unpaid principal and interest. Stuart Walker (hereafter "insured") tendered the defense to appellant State Farm Fire & Casualty Company. State Farm initially accepted the defense under a reservation of rights but withdrew, contending there was no coverage under insured's policies. Insured and the bank then entered into a *Miller v. Shugart* settlement agreement.

Insured brought this action against State Farm, seeking a declaration of coverage plus attorney fees and costs. Both parties moved for summary judgment. The district court granted summary judgment in favor of insured and against State Farm and ordered judgment in the amount of insured's attorney fees plus his contribution to the *Miller v. Shugart* settlement. The court later amended its order to include attorney fees for the present action. State Farm appeals from both judgments. Insured raises three issues by notice of review and requests attorney fees incurred in this appeal.

## ISSUES

I. Did the district court err in holding that State Farm was obligated to defend insured in the underlying action and was thus responsible for insured's attorney fees and costs?

II. Did State Farm have a continuing obligation to defend insured until it completed an adequate investigation or a court determined that the claim was not covered by the policy?

III. Is State Farm estopped from denying coverage because of statements by its agent?

IV. Does application of the reasonable expectations doctrine lead to coverage?

## ANALYSIS

On appeal from summary judgment, a reviewing court must determine: "(1) whether there are any genuine issues of material fact; and (2) whether the lower court erred in its application of the law." *Lubbers v. Anderson,* 539 N.W.2d 398, 401 (Minn.1995). "The interpretation and construction of an insurance contract is a question of law, subject to de novo review." *Haarstad v. Graff,* 517 N.W.2d 582, 584 (Minn.1994).

### I. Duty to Defend

"An insurer's duty to defend arises when the underlying complaint against the insured alleges any facts that might fall within the coverage of the policy." *In re Liquidation of Excalibur Ins. Co.,* 519 N.W.2d 494, 497 (Minn.App.1994); *see also Jostens, Inc. v. Mission Ins. Co.,* 387 N.W.2d 161, 165 (Minn. 1986) (where claim is "arguably" within scope of coverage, insurer has duty to defend). But an insurer "is not bound to defend a suit on a claim outside the coverage of the policy." *Bobich v. Oja,* 258 Minn. 287, 293, 104 N.W.2d 19, 24 (1960).

■ Insured was covered under State Farm homeowners and personal liability umbrella policies. The homeowners policy provides that State Farm will indemnify and defend insured against claims alleging bodily injury or property damage caused by an occurrence. The policy defines property damage as "physical damage to or destruction of tangible property, including loss of use of this property." The coverage clauses in the personal umbrella policy are substantially similar.

In its action against insured, the bank claimed that insured, by reason of estoppel and intentional and negligent misrepresentation, was liable to the bank for unpaid principal and interest resulting from his son's default on a promissory note. The issue is whether the bank's claims against insured allege physical damage to, or destruction of, tangible property.

The State Farm policies do not define "tangible property." Words not defined in the policy must be given "their plain and ordinary meaning." *Great West Cas. Co. v. Barnick,* 529 N.W.2d 504, 506 (Minn.App.

1995). The dictionary definition of tangible is: "1.a. Discernible by the touch; capable of being touched; palpable. * * *. *American Heritage Dictionary* 1242 (2d college ed.1982). Under this definition, only the money (i.e., the currency itself) loaned by the bank to the son, Walter Walker, and the promissory note evidencing the loan are tangible property. There is no claim that either has been damaged or destroyed; furthermore, they are not what the bank has lost—the economic value of the promissory note. The loss here—loss of an investment—does not constitute damage to or destruction of tangible property. *See Tschimperle v. Aetna Cas. & Sur. Co.,* 529 N.W.2d 421, 425 (Minn.App.1995) ("[T]he general rule is that loss of investment does not constitute damage to tangible property."), *review denied* (Minn. May 31, 1995).

■ The district court held, and insured argues on appeal, that actual damage to tangible property is not required by the policy. Instead, insured reads the policy to provide coverage not only for damage to property but also for the "loss of use" of tangible property (even if undamaged). This court, however, has interpreted an identical loss-of-use property damage provision as not providing coverage in the absence of physical damage to tangible property. *Dixon v. National Am. Ins. Co.,* 411 N.W.2d 32, 33–34 (Minn. App.1987).

> There is no allegation that the property was injured or damaged in any way. The damage was to the [homeowners] and their interest in the property, not to the property itself, and there is no coverage under the policy terms.

*Id.* at 34.

Similarly, the Wisconsin Court of Appeals, in interpreting "physical injury to or destruction of tangible property, including loss of use of this property," stated:

> The only reasonable meaning of the clause is that it defines property damage to include loss of use damage that accompanies physical injury or destruction.

*Ehlers v. Johnson,* 164 Wis.2d 560, 476 N.W.2d 291, 293 (Wis.Ct.App.1991). The bank's claim did not allege damage to or

destruction of tangible property as required by insured's policies. State Farm has no duty to defend insured under either the homeowners or umbrella policy.[1]

## II. Coverage by Estoppel

By notice of review, insured argues that State Farm is estopped from denying coverage because of coverage representations allegedly made by its agent. This argument fails. An insurer's duty to defend is governed by the terms of the insurance contract. *Garrick v. Northland Ins. Co.*, 469 N.W.2d 709, 711 (Minn.1991).

At his deposition, insured stated that, during his only conversation with the State Farm agent, the agent

> suggested that I should have an umbrella for any liabilities or damages that might come up other than my car insurance policies and the homeowner's policy.

Then, in an affidavit prepared after his deposition, insured stated that the agent told him that "Personal Liability Umbrella coverage would make me fully insured as a retired person and insured for all liabilities." There is nothing in either the deposition testimony or the affidavit to support insured's assertion that the State Farm agent promised unlimited coverage.

## III. Reasonable Expectations Doctrine

Insured also argues that application of the doctrine of reasonable expectations results in coverage. We disagree. Under that doctrine, which must be applied evenhandedly to insurers as well as to insureds, the expectations of coverage must be reasonable under the circumstances. *Atwater Creamery Co. v. Western Nat'l Mut. Ins. Co.*, 366 N.W.2d 271, 278 (Minn.1985). To extend the policies here to cover the bank's claim against insured, despite the fact that the claim does not allege damage to tangible property, would essentially rewrite the insurance policies into "blank-check" coverage. This is not a reasonable expectation. *See Board of Regents v. Royal Ins. Co. of Am.*,

517 N.W.2d 888, 891 (Minn.1994) (reasonable expectation doctrine is not license to rewrite policy "to conform to a result that the insured might prefer").

## IV. Continuing Obligation to Defend

Lastly, insured argues that State Farm had a continuing obligation to defend until it had completed an adequate investigation or the court had determined that the claim was not covered by the policy. This argument also fails. The Minnesota Supreme Court has stated:

> [T]here is no duty on the part of the insurer to defend "when it is established by the insurer that the facts are such that there is no coverage under the policy for any resulting liability."

*State Farm Fire & Cas. Co. v. Williams*, 355 N.W.2d 421, 424–25 (Minn.1984) (quoting *Farmers & Merchants State Bank v. St. Paul Fire & Marine Ins. Co.*, 309 Minn. 14, 21, 242 N.W.2d 840, 844 (1976)); *Crum v. Anchor Cas. Co.*, 264 Minn. 378, 390, 119 N.W.2d 703, 711 (1963) (if injury not within policy, " 'insurer need go on no longer' ") (quoting *Lee v. Aetna Cas. & Sur. Co.*, 178 F.2d 750, 752 (2d Cir.1949)).

Insured's request for attorney fees on appeal is denied.

## DECISION

Because the bank's claim did not allege injury to or destruction of tangible property, State Farm did not have a duty to defend insured in the suit brought against him by the bank. The district court erroneously entered judgment in favor of insured. We reverse and remand for entry of judgment in favor of State Farm.

**Reversed and remanded.**

---

1. State Farm also argues on appeal that negligent misrepresentation is not an occurrence. Because this argument was not made in the district court, we do not address it here. *See*

*Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn.1988) (issues not raised in the district court cannot be considered for the first time on appeal).