# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 03-1154

VISION FINANCIAL GROUP, INC.,

*Plaintiff-Appellee,*

v.

MIDWEST FAMILY MUTUAL INSURANCE COMPANY,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Western District of Wisconsin.
No. 02-C-416—**John C. Shabaz**, *Judge.*

———————

ARGUED SEPTEMBER 16, 2003—DECIDED JANUARY 14, 2004

———————

Before FLAUM, *Chief Judge*, DIANE P. WOOD, and WILLIAMS, *Circuit Judges.*

WILLIAMS, *Circuit Judge.* Vision Financial Group, Inc. sued Midwest Family Mutual Insurance Company to recover for stolen computer equipment under an insurance policy that designated Vision Financial as loss payee. The district court granted Vision Financial's motion for summary judgment on its claim for the loss of the equipment, finding that it was covered property under the policy. Midwest contends that the insurance policy did not afford coverage for the equipment and, even if it did, two policy exclusions preclude coverage. We agree that the equipment was covered property under the policy, but we reverse the

order granting summary judgment in favor of Vision Financial because we find that the "dishonesty" and "false pretense" policy exclusions are applicable.


## I. BACKGROUND

In May 2001, Vision Financial leased computer equipment and furniture to Mufti Hospitality Group, LLC for use at Amery's Camelot Motel, a motel owned by Mufti. A few days after delivery of the equipment, Mufti's president, Muhammad Arshad, stole the equipment and the furniture.

Midwest insured Mufti's property on the motel's premises under a business owners' insurance policy. The policy included coverage for business personal property in Mufti's care, custody or control that was owned by others but located at the motel. The policy also included both a "false pretense" and a "dishonesty" exclusion. The "false pretense" exclusion precluded the insured from recovering for the loss of property if the insured was induced by a fraudulent scheme to voluntarily part with covered property. Similarly, the "dishonesty" exclusion provided that Midwest would not indemnify the insured if the loss of the covered property was a consequence of dishonest or criminal acts by the insured or anyone to whom the insured entrusted the property. Pursuant to Vision Financial's lease agreement with Mufti, the policy named Vision Financial loss payee.

Vision Financial, as loss payee, filed a claim with Midwest to recoup the value of the stolen property, which Midwest denied. Thereafter, Vision Financial brought suit against Midwest in the district court and both parties moved for summary judgment. In support of its motion, Midwest argued that the policy did not provide coverage for the computer equipment or the furniture. Vision Financial disagreed and asserted that Midwest denied its claims in

bad faith. The district court determined Vision Financial was entitled to summary judgment as to its claim for the loss of the computer equipment.[1] Midwest now appeals.

## II.  ANALYSIS

We review de novo a district court's grant of summary judgment, drawing all inferences in the light most favorable to the nonmoving party. *Midwest Cmty. Health Serv. v. Am. United Life Ins. Co.*, 255 F.3d 374, 376 (7th Cir. 2001).

### A.  Policy Coverage

On appeal, Midwest first contends that Vision Financial was not entitled to summary judgment because the policy's coverage provisions do not encompass the computer equipment. Under Wisconsin law,[2] the coverage provided by an insurance policy is prescribed by the policy's terms and conditions. *Ehlers v. Johnson*, 476 N.W.2d 291, 293 (Wis. Ct. App. 1991). The policy designated the following as covered property: "Business Personal Property located in or on the buildings at the described premises . . . including [p]roperty of others that is in [the insured's] care, custody or control." The stolen computer equipment fits neatly within this description of coverage. Vision Financial maintained ownership of the equipment that was located in the

---

[1] The court granted Midwest summary judgment as to Vision Financial's claims regarding the furniture and the bad faith denial of their claims; however, the sole issue on appeal is the grant of summary judgment in favor of Vision Financial as to the computer equipment.

[2] The parties agree that Wisconsin law governs the interpretation of the policy language in this diversity case.

motel and leased to Mufti for use in the motel business. Midwest argues that, notwithstanding the policy's terms, the computer equipment is not covered property, as it was stolen from the motel's premises before it was actually used in Mufti's business. We find this argument unpersuasive, as such a position would impose an impractical requirement of actual use of business property before it is insured.

B.   Policy Exclusions

Midwest also contends, and we agree, that the district court erred because the policy's "false pretense" and "dishonesty" exclusions each bar Vision Financial's recovery under the policy. In response, Vision Financial argues that the policy exclusions are not applicable to Vision Financial because it is a loss payee. This assertion is belied by the policy's loss payable provision. The loss payable provision provides that the loss payee generally will not be denied coverage due to the acts of the insured; however, "[a]ll terms of the [policy] will then apply directly to the Loss Payee." Wisconsin courts interpret similar clauses in mortgage contracts, known as standard mortgage clauses, as creating a separate contract between the loss payee and the insurer. *See Estate of Ensz v. Brown Ins. Agency, Inc.*, 223 N.W.2d 903, 909-10 (Wis. 1974). Both parties concede that the loss payable clause in the instant contract is akin to a standard mortgage clause and it too creates a separate contract between the loss payee and the insurer. Thus, a separate agreement exists between Vision Financial and Midwest that makes all the terms of the policy, including the policy exclusions, applicable to Vision Financial.

The policy's "false pretense" exclusion precludes recovery for a loss caused by voluntarily "parting with any property by you or anyone else to whom you have entrusted the property if induced to do so by any fraudulent scheme,

trick, device or false pretense." Wisconsin courts have deemed policies with substantially similar language to preclude an insured's recovery for a loss resulting from property theft. *See*, *e.g.*, *Waters Motor v. Grain Dealers*, 107 N.W.2d 129, 130-31 (1961) (precluding recovery for the loss of a stolen vehicle when the insured entrusted the vehicle to a prospective purchaser and recounting numerous instances in which the court had taken similar action). Similar treatment is warranted here. Vision Financial voluntarily parted with the computer equipment when it leased the property to Mufti and it was induced to do so by Arshad's fraudulent scheme. Although this case is distinguishable from other cases with similar exclusions in that it involves a claim by a loss payee rather than an insured, that is not a meaningful distinction. The loss payable provision dictates that the policy's exclusions be applied to the loss payee and the insured equally. Thus, we find that the policy's "false pretense" exclusion bars recovery by Vision Financial. A contrary decision would afford the loss payee greater protection under the policy than the insured.

Because we find the "false pretense" exclusion precludes coverage, we need only briefly address whether the policy's "dishonesty" provision also bars recovery. The "dishonesty" exclusion precludes indemnification if the loss was caused by a "[d]ishonest or criminal act by you . . . or anyone to whom you entrust the property for any purpose. . . ." By its terms, the "dishonesty" provision also precludes Vision Financial's recovery. Vision Financial entrusted the computer equipment to Mufti. The dishonest and criminal act of Mufti's president (the theft of the equipment) caused the loss.

Because we conclude that the policy exclusions are applicable, the district court erred by granting Vision Financial summary judgment on its claim for the loss of the computer equipment.

### III.  CONCLUSION

For the foregoing reasons, we REVERSE the district court's order granting summary judgment in favor of Vision Financial and REMAND with directions to enter summary judgment for Midwest.


A true Copy:

      Teste:


                          _____
                          *Clerk of the United States Court of*
                             *Appeals for the Seventh Circuit*