Edmund J. KRAWCYZK, Special Trustee of the
Wanderer's Rest Interment Society, Perpetual Care
Trust Fund, Plaintiffs-Appellants,

v.

BANK OF SUN PRAIRIE, William J. Livingston, and
Virginia Surety Co., Inc., Defendants-Respondents.

Court of Appeals

*No. 90-0444. Oral argument December 13, 1990.—Decided
March 21, 1991.*

(Also reported in 468 N.W.2d 773.)

For the plaintiffs-appellants the cause was submitted on the briefs of *Frederick E. Reidenbach* and *Jesse A. Wesolowski* of *Raasch, Fleming & Reidenbach, S.C.,* of Milwaukee.

For the defendants-respondents the cause was submitted on the brief of *James R. Cole* and *Mark S. Zimmer* of *Stroud, Stroud, Willink, Thompson & Howard* of Madison.

Before Eich, C.J., Gartzke, P.J., and Dykman, J.

EICH, C.J.   Edmund Krawcyzk, a special trustee appointed to recover funds misappropriated from a cemetery perpetual care trust fund, appeals from a summary judgment dismissing his action against the Bank of Sun Prairie, William Livingston, the bank's trust officer, and Virginia Surety Co., Livingston's insurer. For ease of

exposition, we will refer to the defendants collectively as "the bank."

Krawcyzk had sued the bank, the fund's former trustee, claiming that it had improperly transferred the trust's assets to the corporate owner of the cemetery. The bank defended on grounds that it was required to pay over the funds by sec. 157.11(9)(e), Stats., which provides that anyone having control of cemetery trust funds "shall upon demand deliver [them] to the cemetery corporation," and the trial court found in the bank's favor.

The issue is whether the transferee corporation, Wanderer's Rest, Inc., is a "cemetery corporation" within the meaning of the statute. We hold that it is not and we therefore reverse the judgment and order.

The facts are not in dispute. The Milwaukee County probate court established a trust fund for the perpetual care and maintenance of Wanderer's Rest Cemetery, using a bequest of approximately $331,000 earmarked for that purpose. Several years later, the court amended the trust to provide that only Wisconsin banks would be eligible to serve as trustees of the fund. The Bank of Sun Prairie eventually succeeded to that position.

Wanderer's Rest Cemetery is owned by Wanderer's Rest, Inc., a for-profit, Wisconsin business corporation organized under ch. 180, Stats. Raymond Turner is the owner and sole shareholder of the corporation. In 1986, the bank was informed by Turner's and the corporation's attorney that it was being discharged as trustee and that the trust funds were to be transferred to Thompson & McKinnon, a New York brokerage firm. This was done, and Turner eventually dissipated the funds.[1]

---

[1] In separate criminal proceedings, Turner was convicted of misappropriating the funds.

Krawcyzk was appointed special trustee to recover the misappropriated money. He sued the bank, claiming that it was negligent and breached its fiduciary duty to the trust when it transferred the funds to "unauthorized persons and entities" in violation of the probate court order that required that the trust funds be held only by "a bank or trust company having its principal place of business in Wisconsin."

The bank moved for summary judgment, claiming that it was absolved from any liability because, once the demand was made, it was required by sec. 157.11(9)(e), Stats., to deliver the trust fund to Wanderer's Rest, Inc. As indicated, the motion was granted.[2]

In summary judgment cases, we employ the same analysis as the trial court. *In re Cherokee Park Plat,* 113 Wis. 2d 112, 115-16, 334 N.W.2d 580, 582 (Ct. App. 1983). Where there are no issues of material fact, as is the case here, summary judgment is an appropriate means of raising and deciding the legal issues in the case. *Smith v. State Farm Fire and Cas. Co,* 127 Wis. 2d 298, 300, 380 N.W.2d 372, 373 (Ct. App. 1985). We decide these issues *de novo. Green Spring Farms v. Kersten,* 136 Wis. 2d 304, 315-17, 401 N.W.2d 816, 820-21 (1987).

Chapter 157, Stats., regulates the funding, operation, maintenance and management of cemeteries. The regulations are designed "to promote and foster perpetual care of cemetery lots and graves, by permitting cemetery associations to receive moneys in trust for that purpose, and to safeguard and protect such funds thereafter." *Wauwatosa Cemetery Ass'n v. City of Wau-*

---

[2]Finding that "sec. 157.11(9)(e), resolve[d] the entire case," the trial court did not consider Krawcyzk's negligence and breach of fiduciary duty claims.

*watosa,* 224 Wis. 34, 36–37, 271 N.W. 402, 403 (1937). "Cemetery associations" are special entities created by statute to operate and manage cemeteries. *See,* generally, secs. 157.061–157.11.

Section 157.11(9)(e), Stats., deals with funds received by cemeteries—by "the trustees of [cemetery] association[s]"—for perpetual care. It provides, among other things, that anyone having custody of "any cemetery care trust fund . . . shall upon demand deliver it to the cemetery corporation to be handled as provided in this section." Sec. 157.11(9)(e). Krawcyzk argues that the bank and the trial court were wrong to rely on the statute as a defense to his action because Wanderer's Rest, Inc., is not a cemetery corporation within the meaning of its terms.

We agree. The phrase "cemetery corporation" must be read in light of the remainder of the chapter. *State ex rel Wis. State Journal v. Circuit Court for Dane County,* 131 Wis. 2d 515, 519–20, 389 N.W.2d 73, 75 (Ct. App. 1986). While "cemetery corporation" is not defined in ch. 157, Stats., the word "corporation" is. It means "the cemetery association having charge of a cemetery." Sec. 157.061(2).

As we have noted, cemetery associations are special entities created under ch. 157, Stats., to operate and care for cemeteries, and they may exist independently of the cemetery's ownership. Wanderer's Rest, Inc., is not such an entity. It is a ch. 180, Stats., for-profit business corporation which owns the real property on which Wanderer's Rest Cemetery is located.

The bank contends that by applying the statutory definition of "corporation" in sec. 157.061(2), Stats., to the two-word phrase "cemetery corporation" in sec. 157.11(9)(e), we are reading the word "cemetery" out of the latter statute. They argue that the legislature's use of

the additional modifying word "cemetery" must indicate that it intended the statute to apply to "any corporate body operating a cemetery, whether organized under ch. 157 [or] 180."

■ Our primary objective in interpreting a statute is to achieve a reasonable construction that will effectuate the statutory purpose. *Barnett v. LIRC,* 131 Wis. 2d 416, 420, 388 N.W.2d 652, 654 (Ct. App. 1986). As we have noted, the purpose of the regulatory scheme embodied in ch. 157, Stats., is to ensure perpetual care of cemeteries. And the bank's interpretation—that the legislature intended to allow any corporation, whether for-profit or not-for-profit, and whether or not it is bound by the regulations and safeguards of ch. 157, to demand and receive a payout of the perpetual care trust funds—is contrary to that purpose.

■ The payment-on-demand provisions of sec. 157.11(9)(e), Stats., neither require nor authorize payment to entities other than ch. 157 cemetery associations—bodies charged and regulated by law to operate and care for cemeteries and the funds acquired by them, in trust and otherwise, to aid in the discharge of those duties. Since Wanderer's Rest, Inc., is not such an association, it follows that Krawcyzk's action is not subject to dismissal under the statute and that summary judgment was improperly granted.

*By the Court.*—Judgment and order reversed and cause remanded for further proceedings.