MIDLAND FUNDING, LLC, Plaintiff-Respondent,

v.

Jeff MIZINSKI, Defendant-Appellant,†

NCH CORPORATION and Danco, Inc., Garnishees.

Court of Appeals

*No. 2013AP2422. Submitted on briefs May 13, 2014.
—Decided June 17, 2014.*

2014 WI App 82

(Also reported in 854 N.W.2d 371.)

† Petition for Review denied October 6, 2014.

475

On behalf of the defendant-appellant, the cause was submitted on the brief of ERIC L. CRANDALL of CRANDALL LAW OFFICES, S.C., New Richmond.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of ALEXANDRIA E. McCOOL of KOHN LAW FIRM, S.C., Milwaukee.

Before Hoover, P.J., Mangerson and Stark, JJ.

¶ 1. STARK, J.   Jeff Mizinski appeals orders denying his motion to quash an earnings garnishment and his motion for reconsideration. Mizinski argues the circuit court lacked in rem jurisdiction to garnish his wages because the wages were not located in the state of Wisconsin. However, we conclude in rem jurisdiction over the wages was not required. Pursuant to *Dalton v.*

*Meister*, 71 Wis. 2d 504, 239 N.W.2d 9 (1976), the circuit court could properly issue an in personam order directing Mizinski's employer to remit a portion of his wages to Midland Funding, LLC, the entity that filed the garnishment. We therefore affirm.

## BACKGROUND

¶ 2.   Midland obtained a civil judgment against Mizinski in St. Croix County, Wisconsin, on March 2, 2010. On March 22, Midland filed an earnings garnishment notice in St. Croix County naming NCH Corporation as garnishee. Mizinski is employed by Danco, Inc., a subsidiary of NCH.[1]

¶ 3.   Mizinski, pro se, filed an answer to the earnings garnishment notice, arguing the garnishment would force his household income below the applicable poverty guideline. Following a hearing, the circuit court rejected Mizinski's argument and ordered the garnishment to proceed. Midland filed additional earnings garnishment notices on September 22, 2010, May 31, 2011, and June 6, 2012. In each case, the circuit court allowed the garnishment to proceed over Mizinski's objection.

¶ 4.   Midland commenced the earnings garnishment that is the subject of this appeal on April 8, 2013. The garnishment notice was served on Danco in Texas. Mizinski, now represented by counsel, moved to quash the garnishment. He argued garnishment is a proceeding in rem, and, accordingly, the circuit court needed in rem jurisdiction over his wages in order to garnish them. He asserted the court lacked in rem jurisdiction because his wages were not located in Wisconsin. In

---

[1] The parties do not distinguish between NCH and Danco. We therefore refer to both entities, collectively, as Danco.

support of his argument, Mizinski submitted evidence that Danco's headquarters are located in Irving, Texas. He also submitted an affidavit stating he lives in Wisconsin but works "primarily in Minnesota."

¶ 5.   In response, Midland argued the circuit court only needed personal jurisdiction over Danco in order to garnish Mizinski's wages, and in rem jurisdiction was not required. Midland further argued the court had personal jurisdiction over Danco due to Danco's business activities in Wisconsin. Specifically, Midland asserted Danco operates two facilities in Wisconsin and sells its products at numerous locations throughout the state.

¶ 6.   The circuit court denied Mizinski's motion to quash the garnishment. Quoting *Morris W. Haft & Bros. v. Wells*, 93 F.2d 991, 993 (10th Cir. 1937), the court concluded a garnishment "partakes both of the nature of a proceeding in personam and a proceeding in rem and may be classified as a proceeding quasi in rem." The court agreed with Mizinski that the key fact in the jurisdictional analysis was the location of the wages. However, the court relied on *Livingston v. Naylor*, 920 A.2d 34, 51–53 (Md. Ct. Spec. App. 2007), for the proposition that the "locus of wages payable is 'the state in which [the debtor] rendered the labor that gave rise to [the garnishee's] obligation to pay wages.' " While Mizinski averred he worked "primarily" in Minnesota, the court reasoned that did not mean he worked exclusively "outside of Wisconsin." The court therefore concluded Mizinski's wages were located in Wisconsin because at least a portion of his work was performed in Wisconsin.

¶ 7.   Mizinski moved for reconsideration, arguing the circuit court erred by focusing on the location where his work was performed. He argued the location of his

wages should instead be determined based on the location of the bank account where they were held before they were paid to him. Mizinski submitted a second affidavit, stating his wages are held in Danco's Texas bank account before being electronically deposited in his Wisconsin bank account. He also averred that only three percent of his work for Danco is performed in Wisconsin.

¶ 8.  The circuit court denied Mizinski's motion for reconsideration. The court concluded it did not make a manifest error of law or fact when it determined Mizinski's wages were located in the state where his work was performed. The court further noted Mizinski's new averment that he performs three-percent of his work in Wisconsin was essentially the same as his previous averment that he works "primarily in Minnesota."

¶ 9.  Mizinski now appeals, challenging both the order denying his motion to quash the garnishment and the order denying reconsideration.

## DISCUSSION

██

¶ 10.  On appeal, Mizinski renews his argument that the circuit court lacked jurisdiction to garnish his wages. Whether a court has jurisdiction is a question of law that we review independently. *Socha v. Socha,* 183 Wis. 2d 390, 393, 515 N.W.2d 337 (Ct. App. 1994).

¶ 11.  Mizinski argues garnishment is an in rem proceeding, and, accordingly, property must be located in the state of Wisconsin in order to be garnished.[2] A

---

[2] "If jurisdiction is based on the court's power over property within its territory, the action is called 'in rem' or 'quasi in

number of early Wisconsin cases support Mizinski's position. For instance, in *Commercial Investment Trust, Inc. v. William Frankenmuth Hardware Co.*, 179 Wis. 21, 23–24, 190 N.W. 1004 (1922), the supreme court stated garnishment is "in its nature a proceeding in rem[.]" The court has also held on multiple occasions that only property located inside the state of Wisconsin may be garnished. *See Thomas v. Citizens' Nat'l Bank of Pocomoke City, Md.*, 157 Wis. 635, 640, 147 N.W. 1005 (1914) (A Wisconsin garnishment proceeding cannot

---

rem.' " *Shaffer v. Heitner*, 433 U.S. 186, 199 (1977). "In rem" jurisdiction refers to "a court's power to adjudicate the rights to a given piece of property, including the power to seize and hold it." BLACK's LAW DICTIONARY 869 (8th ed. 2004). "Quasi in rem" jurisdiction refers to jurisdiction "over a person but based on that person's interest in property located within the court's territory." *Id.* at 870.

We observe that WIS. STAT. § 801.07 addresses the circumstances in which Wisconsin courts may exercise in rem or quasi in rem jurisdiction. As potentially relevant to this case, § 801.07(3) permits a court to exercise in rem or quasi in rem jurisdiction "[w]hen the defendant has property within this state which has been attached *or has a debtor within the state who has been garnisheed.*" (Emphasis added.)

Neither Mizinski nor Midland cites WIS. STAT. § 801.07, much less develops an argument based on the statute. Because we ultimately conclude the circuit court did not need in rem or quasi in rem jurisdiction to garnish Mizinski's wages, and because of the parties' failure to cite § 801.07, we do not address whether the statute would have granted the circuit court in rem or quasi in rem jurisdiction under the circumstance of this case. *See State v. Blalock*, 150 Wis. 2d 688, 703, 442 N.W.2d 514 (Ct. App. 1989) (cases should be decided on the narrowest possible ground); *Industria l Risk Insurers v. American Eng' g Testing, Inc.*, 2009 WI App 62, ¶ 25, 318 Wis. 2d 148, 769 N.W.2d 82 (we will not abandon our neutrality to develop arguments for the parties).

All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

reach "property or a debt in the state of Maryland."); *Kuehn v. Nero*, 145 Wis. 256, 260, 130 N.W. 56 (1911) (Garnishee's liability, if any, "was dependent on whether it had property in its possession within the state belonging to the defendant when the garnishee summons was served."); *Morawetz v. Sun Ins. Office*, 96 Wis. 175, 178–79, 71 N.W. 109 (1897) (holding that property outside Wisconsin is not subject to garnishment in Wisconsin); *Bates v. Chicago, Milwaukee & St. Paul Ry. Co.*, 60 Wis. 296, 302, 19 N.W. 72 (1884) (holding that property subject to garnishment is "limited to personal property or real estate within this state").

¶ 12.   These cases support Mizinski's argument that the circuit court needed in rem jurisdiction over his wages in order to garnish them. However, Midland cites a more recent case for the proposition that a Wisconsin court may issue an in personam order affecting out-of-state property, even though the court does not have in rem jurisdiction over the property.[3] *See Dalton*, 71 Wis. 2d 504. Pursuant to *Dalton*, Midland asserts the circuit court could issue an in personam order directing Danco to remit a portion of Mizinski's wages to Midland, regardless of where the wages were located. In other words, Midland argues the circuit court could properly garnish Mizinski's wages as long as it had personal jurisdiction over Danco.

---

[3] "In personam" means "[i]nvolving or determining the personal rights and obligations of the parties[.]" BLACK'S LAW DICTIONARY, *supra*, 807. It refers to a legal action "brought against a person rather than property." *Id.* In personam jurisdiction, also called personal jurisdiction, refers to "a court's power to bring a person into its adjudicative process; jurisdiction over a defendant's personal rights, rather than merely over property interests." *Id.* at 870.

481

¶ 13.   The facts of *Dalton* are as follows. Dalton sued Meister in Wisconsin for defamation. *Id.* at 508. In anticipation of the trial, Meister engaged in a series of transactions with other parties, which were designed to prevent Dalton from accessing Meister's assets in the event Dalton won the defamation suit. *Id.* In particular, Meister purchased real estate in Hawaii in the names of two other individuals. *Id.* at 509. Dalton ultimately obtained a money judgment against Meister in the defamation case. *Id.* at 508. Dalton then sued Meister and several other defendants in Wisconsin, asking the circuit court to impose a resulting trust over the Hawaii property for the benefit of Meister's creditors. *Id.* at 510.

¶ 14.   On appeal, the defendants argued the circuit court had " 'no jurisdiction to create a resulting trust in land in Hawaii,' since creation of such a trust is within the 'sole and exclusive jurisdiction' of that state." *Id.* at 511. The supreme court disagreed, stating,

> While it is true that the law of the state of situs may be applicable to determine the existence of a fraudulent conveyance of or resulting trust in the land, this does not mean that courts of any other state are powerless to issue orders, arising from rights claimed in the proceeds of such land, to persons over whom in personam jurisdiction exists.

*Id.* at 511–12 (footnote omitted). The court relied on the Restatement (Second) of Conflict of Laws, which states, " 'A state has power to exercise judicial jurisdiction to order a person, who is subject to its judicial jurisdiction, to do, or not to do, an act in the state, although the carrying out of the decree may affect a thing in another state.' " *Id.* at 512–13 (quoting RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 55 (1971)). Accordingly, the court concluded the circuit court had jurisdiction to impose a resulting trust over the Hawaii land because "Wisconsin

482

courts may issue in personam orders which may operate on out-of-state property." *Id.* at 513.

¶ 15.   We agree with Midland that, pursuant to *Dalton*, the circuit court could properly garnish Mizinski's wages as long as it had personal jurisdiction over Danco. The court did not attempt to exercise in rem jurisdiction over Mizinski's wages when it ordered the garnishment to proceed. It merely issued an in personam order to Danco to remit a portion of the wages to Midland. Moreover, it is undisputed that the court had personal jurisdiction over Danco. Thus, under *Dalton*, the court could properly garnish Mizinski's wages, regardless of where they were located.

¶ 16.   Mizinski argues we should not rely on *Dalton* because it conflicts with earlier Wisconsin cases holding that Wisconsin courts may not garnish property located outside the state. However, in contrast to those earlier decisions, *Dalton* clearly holds that "Wisconsin courts may issue in personam orders which may operate on out-of-state property." *Id.* "[W]here decisions of the supreme court appear to be inconsistent, or in conflict, 'we follow the court's most recent pronouncement.' " *Glacier State Distrib. Servs., Inc. v. DOT*, 221 Wis. 2d 359, 368, 585 N.W.2d 652 (Ct. App. 1998) (quoting *Krawczyk v. Bank of Sun Prairie*, 203 Wis. 2d 556, 567, 553 N.W.2d 299 (Ct. App. 1996)).

¶ 17.   Mizinski also argues § 67 of the Restatement (Second) of Conflict of Laws, entitled "Garnishment of Person in Possession of Chattel," supports his position. Section 67 states:

> A state has power to exercise judicial jurisdiction to apply to the satisfaction of a claim a chattel belonging

483

to the person against whom the claim is asserted, but which is in the possession or control of another person, if

    (a)   the other person is subject to the judicial jurisdiction of the state; and

    (b)   the chattel to be applied is within the state.

RESTATEMENT, *supra,* § 67. Mizinski contends that, in this case, "the [c]hattel (money) was in Texas, not Wisconsin, making Midland's extra-territorial garnishment unlawful."

■

¶ 18.   There are three problems with Mizinski's argument. First, Wisconsin has not adopted § 67 of the Restatement (Second) of Conflict of Laws. Accordingly, we are not bound by it. Second, applying § 67 in this case would conflict with *Dalton*, which is binding precedent. Third, we are not convinced that § 67 is applicable in the first instance. Section 67 applies when the property to be garnished is a chattel. In contrast, § 68 of the Restatement (Second) of Conflict of Laws, entitled "Garnishment of Person Owing Debt to Principal Debtor," applies when the property to be garnished is a debt. Section 68 provides:

> A state has power to exercise judicial jurisdiction to apply to the satisfaction of a claim an obligation owed to the person against whom the claim is asserted if the obligor is subject to the judicial jurisdiction of the state, even though the state lacks jurisdiction over the person against whom the claim is asserted.

RESTATEMENT, *supra,* § 68. To exercise jurisdiction pursuant to § 68, a state "must have judicial jurisdiction over the garnishee (the debtor of the principal debtor)[,]" but there is "no further requirement, as in

484

the case of chattels, relating to the situs of the thing." RESTATEMENT, *supra*, § 68 cmt. b. In other words, a debt may generally be garnished "wherever personal jurisdiction may be exercised over the garnishee." *Id.* Mizinski does not address § 68 or develop any argument that his wages constitute a chattel rather than a debt.[4]

¶ 19.   We therefore follow *Dalton* and conclude the circuit court could properly garnish Mizinski's wages because it had personal jurisdiction over Danco. Accordingly, we affirm the order denying Mizinski's motion to quash the garnishment, albeit on different grounds. *See Vanstone v. Town of Delafield*, 191 Wis. 2d 586, 595, 530 N.W.2d 16 (Ct. App. 1995) (we may affirm on grounds different than those relied on by the circuit court).

¶ 20.   We also affirm the order denying Mizinski's motion for reconsideration. "To prevail on a motion for reconsideration, the movant must present either newly discovered evidence or establish a manifest error of law or fact." *Koepsell's Olde Popcorn Wagons, Inc. v. Koepsell's Festival Popcorn Wagons, Ltd.*, 2004 WI App 129, ¶ 44, 275 Wis. 2d 397, 685 N.W.2d 853. In his motion for reconsideration, Mizinski argued the circuit court made a manifest error of law or fact when it determined his wages were located in Wisconsin based on the fact that he performed some of his work in Wisconsin. However, we have concluded the location of Mizinski's wages was irrelevant to the jurisdictional analysis because in rem jurisdiction was not required.

---

[4] To be clear, we are not adopting § 68 of the Restatement (Second) of Conflict of Laws as the law in Wisconsin. We merely discuss § 68 to illustrate why we are not convinced § 67 necessarily applies in this case.

Mizinski therefore failed to establish the existence of a manifest error of law or fact that would have warranted reconsideration.

*By the Court.*—Orders affirmed.