COURT OF APPEALS
DECISION
DATED AND FILED

April 4, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal Nos. **2020AP1878**
**2020AP2163**
STATE OF WISCONSIN

Cir. Ct. No. 2015CF353

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

DANTE R. VOSS,

DEFENDANT-APPELLANT.

APPEALS from orders of the circuit court for Wood County: TODD P. WOLF, Judge. *Affirmed*.

Before Kloppenburg, P.J., Blanchard, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1    PER CURIAM. Dante Voss was convicted, pursuant to a plea agreement, of felon in possession of a firearm and felony bail jumping.  He appeals an order denying his postconviction motion for plea withdrawal without a hearing based on newly discovered evidence, orders denying his motions for reconsideration, and an order denying his motion for recusal.[1]  We conclude that the circuit court properly denied Voss's postconviction motion and motions for reconsideration because they are based on the meritless premise that Voss has a viable involuntary intoxication defense.  We further conclude that Voss has not established judicial bias.  Accordingly, we affirm.

## BACKGROUND

¶2    The criminal complaint contained the following allegations.  Wood County sheriff's deputies responded to a report of a single-vehicle rollover crash.  Voss was the driver of the vehicle and the deputies found a semi-automatic .45 caliber pistol in Voss's waistband.  Voss had previously been convicted of fifth-offense driving with a prohibited alcohol concentration and was thus prohibited from possessing firearms.  He was also on bond at the time for several felony charges.  The State charged Voss with possession of a firearm by a felon, carrying a concealed weapon, and two counts of felony bail jumping.

¶3    The State subsequently received a toxicology laboratory report ("State's toxicology report") from the Wisconsin State Laboratory of Hygiene.  This report showed the presence of prescription controlled substances—Hydrocodone, Bupropion, and Clonazepam—in Voss's blood at the time of his

---

[1] These appeals were consolidated for briefing and disposition pursuant to WIS. STAT. RULE 809.10(3) (2021-22).  All references to the Wisconsin Statutes are to the 2021-22 version.

arrest. As a result, Voss was charged in a separate case ("the OWI case"), in which he ultimately pleaded guilty pursuant to a plea agreement to operating while intoxicated, sixth offense. *See **State v. Voss***, No. 2020AP234-CR, unpublished slip op. (WI App June 17, 2021).

¶4 In the instant case, Voss pleaded no contest to the felon in possession of a firearm count and to one of the two felony bail jumping counts pursuant to a plea agreement, and the remaining two counts were dismissed. The circuit court withheld sentence and placed Voss on four years of probation, which was subsequently revoked. Following revocation, the court sentenced Voss to a total of three years of initial confinement and three years of extended supervision.

¶5 Voss's counsel filed a no-merit appeal and report in this case. Voss filed a response to the no-merit report, making arguments related only to sentencing. *See **State v. Voss***, No. 2019AP287-CRNM, unpublished slip op. at 3-5 (WI App Oct. 29, 2020). This court summarily affirmed and, after noting that an appeal from a sentence following revocation does not bring an underlying conviction before this court, concluded that there were no sentencing issues with arguable merit. *See **id.*** at 5.[2]

---

[2] In its original brief-in-chief, the State argued that Voss's claims in this appeal are procedurally barred under ***State v. Escalona-Naranjo***, 185 Wis. 2d 168, 185-86, 517 N.W.2d 157 (1994), because Voss did not raise them in response to the no-merit report previously filed in this case and did not provide a sufficient reason for failing to do so. In the alternative, the State requested additional briefing on the merits if we rejected its argument based on ***Escalona***, pursuant to ***State v. Tillman***, 2005 WI App 71, ¶13 & n.4, 281 Wis. 2d 157, 696 N.W.2d 574, in which this court approved of this procedure. By order dated August 25, 2023, this court rejected the State's ***Escalona*** argument, concluding that a reason for Voss not raising those claims was apparent: even if he had raised them, they would not have properly been before us in the no-merit appeal. Specifically, as noted in our opinion in the no-merit case, because that appeal was from sentencing after revocation of probation, it did not bring the original judgment of conviction before us. Thus, the claims for plea withdrawal that Voss is now making could not properly have been litigated in the no-merit proceeding. As a result, we ordered the State to file a replacement

(continued)

¶6     The same postconviction counsel representing Voss in the no-merit proceeding in this case represented Voss in postconviction proceedings in the OWI case. In the OWI case, counsel provided the State's toxicology report with Voss's blood test results to an independent forensic toxicologist, James Oehldrich. According to Oehldrich's subsequent report ("the Oehldrich report"), the interaction of Voss's prescribed medications on the day of his crash resulted in Voss's involuntary intoxication. As a result, Voss's counsel filed a postconviction motion in the OWI case, seeking plea withdrawal based on newly discovered evidence. *Voss*, No. 2020AP234-CR, at 1-2. Voss alleged that the newly discovered evidence consisted of an involuntary intoxication defense, a defense he was not aware of when he entered his plea.[3] *Id.* at 2. The circuit court held an evidentiary hearing in the OWI case, at which both Voss and the toxicologist testified. *Id.* at 3. Voss testified that he took several prescription medications, including Hydrocodone and Bupropion. *Id.* The toxicologist testified that Voss was involuntarily intoxicated because the Bupropion interfered with his ability to

---

brief, and permitted Voss to file a supplemental reply. After we granted an extension request for the State to file its replacement brief and subsequently granted Voss numerous extensions to file his supplemental reply, Voss submitted a reply on March 8, 2024.

    [3] An intoxication defense is set forth in WIS. STAT. § 939.42 as follows:

> An intoxicated or a drugged condition of the actor is a defense only if such condition is involuntarily produced and does one of the following:
>
>     (1) Renders the actor incapable of distinguishing between right and wrong in regard to the alleged criminal act at the time the act is committed.
>
>     (2) Negatives the existence of a state of mind essential to the crime.

metabolize Hydrocodone, thereby increasing the concentration of Hydrocodone in Voss's blood.  *Id.*

¶7     The circuit court denied Voss's motion, concluding that Voss did not satisfy the materiality requirement for a newly discovered evidence claim.  *Id.* The court determined that Voss would not have been entitled to assert an involuntary intoxication defense at trial, because, among other reasons, the evidence showed that he took more Hydrocodone than prescribed.  *Id.*  On appeal, we summarily affirmed the court's denial of Voss's postconviction motion, concluding that the court's factual finding that Voss was not taking his Hydrocodone as prescribed "is supported by the record and is not clearly erroneous."  We explained:

> Voss testified that he had a prescription to take Hydrocodone every four to six hours, and that he had taken the prescribed dosage before the accident.  Voss's medical records, in contrast, showed that his prescription was to take Hydrocodone 'up to three times daily.'  Based on the evidence, the circuit court reasonably found that Voss exceeded his prescription by taking Hydrocodone as often as every four to six hours—four to six times per day— rather than taking the Hydrocodone no more than three times per day.

*Id.* at 4.  We further agreed with the court's legal conclusion that Voss could not assert the proffered involuntary intoxication defense.  *Id.*  Our supreme court denied Voss's petition for review.

¶8     After the circuit court's denial of Voss's postconviction motion in the OWI case, Voss, pro se, filed a postconviction motion seeking plea withdrawal in this case based on newly discovered evidence.  As he did in the OWI case, Voss argued in this case that the newly discovered evidence is an involuntary intoxication defense based on the same information—the Oehldrich report.  In this

5

case, however, he asserted the alleged defense with respect to charges of possession of a firearm and felony bail jumping. As factual support, Voss alleged that the night before his arrest, he took all of his medications as prescribed, fell asleep, and later awoke in the county jail with no recollection of how he got there. Voss also argued that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), and the criminal discovery statute, WIS. STAT. § 971.23, by failing to provide the State's toxicology report before Voss pleaded guilty in this case. In the alternative to his *Brady* and § 971.23 arguments, Voss argued that his counsel was ineffective by not making a discovery request.

¶9 The same circuit court judge who presided over Voss's OWI postconviction proceeding denied Voss's postconviction motion in this case on the ground that the court had already determined that the new evidence was not material because an involuntary intoxication defense was not available. In support of the court's conclusion in this case, the court attached the transcript of its oral ruling in the OWI proceeding. Thus, we construe the court to have adopted in this case the same findings of fact and conclusions of law made in the OWI case regarding the unavailability of the involuntary intoxication defense.

¶10 Voss subsequently brought two successive motions for reconsideration. He also brought a motion for recusal on grounds of judicial bias. The circuit court denied these motions. Voss appeals.

## DISCUSSION

### I. Postconviction Motion for Plea Withdrawal

¶11 Voss argues that the circuit court erred in denying his postconviction motion for plea withdrawal without an evidentiary hearing because he alleged

6

sufficient facts to entitle him to a hearing on his claims. We disagree for the reasons that follow.

¶12 A circuit court is required to hold an evidentiary hearing on a defendant's postconviction motion when the facts alleged in the motion, if true, would entitle the defendant to relief, and when the record does not conclusively demonstrate that the defendant is not entitled to relief. *State v. Jackson*, 2023 WI 3, ¶11, 405 Wis. 2d 458, 983 N.W.2d 608. Both parts of this test raise issues of law that we review de novo. *Id.*, ¶8.

¶13 Voss's postconviction motion first alleges that he is entitled to withdraw his plea based on newly discovered evidence. For post-sentencing plea withdrawal based on newly discovered evidence, a defendant must first prove, by clear and convincing evidence, that "(1) the evidence was discovered after conviction; (2) the defendant was not negligent in seeking evidence; (3) the evidence is material to an issue in the case; and (4) the evidence is not merely cumulative." *State v. McCallum*, 208 Wis. 2d 463, 473, 561 N.W.2d 707 (1997). "If the defendant proves these four criteria by clear and convincing evidence, the circuit court must determine whether a reasonable probability exists that a different result would be reached in a trial." *Id.*

¶14 Here, because the record conclusively establishes that Voss is not entitled to relief, the circuit court properly denied Voss's motion without a hearing. In this case, as in the OWI case, Voss's claim of newly discovered evidence is his alleged involuntary intoxication defense, which is based on the Oehldrich report. Voss fails to present any persuasive argument that would undermine the court's conclusion in the OWI case and in this case—a conclusion we affirmed on appeal in the OWI case—that the defense is not available to him

because the evidence showed that Voss took more Hydrocodone than prescribed by taking Hydrocodone every four to six hours rather than the prescribed amount of up to three times daily. *See **State v. Gardner***, 230 Wis. 2d 32, 41-42, 601 N.W.2d 670 (Ct. App. 1999) (involuntary intoxication defense not available when "a patient knowingly takes more than the prescribed dosage"); *see also* WIS. STAT. § 939.42 ("An intoxicated or a drugged condition of the actor is a defense only *if such condition is involuntarily produced ….*" (emphasis added)). Although Voss makes various arguments that the court erred in other respects, he fails to offer any cogent challenge to the court's conclusion on this core issue and he therefore provides no basis for reversal or an evidentiary hearing.[4]

¶15 Our conclusion rejecting the newly discovered evidence claim necessarily precludes Voss's arguments based on ***Brady*** and the discovery statute, WIS. STAT. § 971.23. Voss argues that the State violated ***Brady*** by failing to disclose the State's toxicology report prior to Voss's plea of no contest in this case. Under the Fourteenth Amendment, "suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." ***Brady***, 373 U.S. at 87. The evidence "must be favorable to the accused, either because it is exculpatory or

---

[4] We note that, contrary to Voss's testimony at the evidentiary hearing in the OWI case, which demonstrated that he took Hydrocodone every four to six hours at the time of the offenses, Voss's affidavit in this case states that he took Hydrocodone only three times per day, which is what the circuit court and this court concluded in the OWI case was the prescribed dosage that Voss exceeded by taking Hydrocodone every four to six hours. Although Voss briefly mentions in this appeal the averment in his affidavit that he took Hydrocodone only three times per day, at no point does Voss explain the discrepancy between this averment and his testimony at the evidentiary hearing in the OWI case, nor does he rely on the averment to develop an argument challenging the circuit court's denial of his postconviction motion. Thus, we do not consider this averment. *See **State v. Pettit***, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (we need not address undeveloped arguments).

impeaching" and it must be "material" to the defendant's guilt or punishment. *State v. Wayerski*, 2019 WI 11, ¶35, 385 Wis. 2d 344, 922 N.W.2d 468.

¶16 The State's toxicology report shows that Voss had Hydrocodone, Bupropion, and Clonazepam in his blood. Voss argues that the report would have "provided trial counsel with facts to investigate an [involuntary] intoxication defense," which, as stated, is what ultimately occurred in the OWI case. However, we have affirmed the circuit court's determination that an involuntary intoxication defense is unavailable because the evidence showed that Voss took more Hydrocodone than prescribed. As a result, the toxicology report is not favorable to Voss nor material to his guilt or punishment; therefore, Voss's ***Brady*** argument fails. *Wayerski*, 385 Wis. 2d 11, ¶¶35, 56.

¶17 Similarly, Voss argues that the State's failure to provide the State's toxicology report violated WIS. STAT. § 971.23, which, as pertinent here, provides that "[u]pon demand," the prosecutor must disclose any "exculpatory evidence," § 971.23(1)(h). Voss argues that the State's toxicology report was "exculpatory" under § 971.23 for the same reason he alleges it was exculpatory under ***Brady***, namely, because it would have provided Voss with a basis for an involuntary intoxication defense. As stated, we have concluded that the circuit court reasonably determined that an involuntary intoxication defense is unavailable. Thus, because Voss has failed to show that the State's toxicology report is exculpatory, he likewise fails to show that the State violated § 971.23 by not disclosing the report.

¶18 As an alternative to his arguments under ***Brady*** and WIS. STAT. § 971.23, Voss argues that his trial counsel was ineffective for failing to make a discovery request that, according to Voss, would have required the State to

disclose the State's toxicology report, thereby leading to an involuntary intoxication defense. *See* ***State v. Domke***, 2011 WI 95, ¶34, 337 Wis. 2d 268, 805 N.W.2d 364 ("Wisconsin criminal defendants are guaranteed the right to the effective assistance of counsel" under the federal and Wisconsin constitutions); ***Strickland v. Washington***, 466 U.S. 668, 687 (1984) (to prevail in an ineffective assistance claim, a defendant must prove that trial counsel's performance was both deficient and prejudicial). This argument fails for the same reason that Voss's arguments under ***Brady*** and § 971.23 fail: an involuntary intoxication defense is unavailable because the evidence showed that Voss took more Hydrocodone than prescribed. Thus, it was not constitutionally deficient or prejudicial for counsel to fail to request the State's toxicology report.

¶19 In sum, because "the record conclusively demonstrates that [Voss] is not entitled to relief," the circuit court properly denied Voss's postconviction motion without holding a hearing on Voss's claimed involuntary intoxication defense. *See* ***Romero-Georgana***, 2014 WI 83, ¶30, 360 Wis. 2d 522, 849 N.W.2d 668.

## II. *Motions for Reconsideration*

¶20 Voss challenges the denial of his two successive motions for reconsideration. "To prevail on a motion for reconsideration, the movant must present either newly discovered evidence or establish a manifest error of law or fact." ***Midland Funding, LLC v. Mizinski***, 2014 WI App 82, ¶20, 355 Wis. 2d 475, 854 N.W.2d 371 (quoted source and internal quotation marks omitted). Voss has done neither.

¶21 Voss's motions for reconsideration challenge various factual findings that the circuit court made in the OWI case and adopted in this case. But

none of these challenges address the central finding on which the court relied in rejecting Voss's involuntary intoxication defense and that we affirmed on appeal in the OWI case: that Voss's own testimony that he took Hydrocodone every four to six hours, coupled with the undisputed evidence that the prescribed amount of Hydrocodone was up to three times daily, showed that he was taking more than the amount prescribed. Voss failed to present any argument in the circuit court to dispute that central premise, nor does he do so on appeal.

¶22     Voss also argued in his motions for reconsideration that the circuit court erred by not explaining in detail why it rejected his challenges based on **Brady** and WIS. STAT. § 971.23, or his alternative argument of ineffective assistance of counsel. Voss renews these arguments on appeal. However, the court's conclusion that an involuntary intoxication defense was not available to Voss necessarily precludes these other arguments because they are predicated on the rejected premise that, had the State provided the State's toxicology report to Voss or had his trial counsel requested it, Voss would have had an involuntary intoxication defense.

### III.  Motion for Recusal

¶23     Voss challenges the circuit court's order denying the motion for recusal that Voss filed after the court had already denied his postconviction motion for plea withdrawal and one of his two motions for reconsideration. "'[T]he right to an impartial judge is fundamental to our notion of due process.'" **State v. Herrmann**, 2015 WI 84, ¶25, 364 Wis. 2d 336, 867 N.W.2d 772 (quoted source omitted). "We presume that a judge has acted fairly, impartially, and without bias." **Miller v. Carroll**, 2020 WI 56, ¶16, 392 Wis. 2d 49, 944 N.W.2d 542.

11

There is a "burden on the party asserting the bias to show that bias by a preponderance of the evidence." *Herrmann*, 364 Wis. 2d 336, ¶24.

¶24    "In determining whether a defendant's due process right to trial by an impartial and unbiased judge has been violated, Wisconsin courts have taken both subjective and objective approaches[.]" *Id.*, ¶26.  Voss argues objective bias. "Under the objective approach, courts have traditionally considered whether 'there are objective facts demonstrating … the trial judge in fact treated [the defendant] unfairly.'"  *Id.*, ¶27 (alterations in original; quoted source omitted).  Whether a judge's partiality can reasonably be questioned is a matter of law that is reviewed de novo. *Miller*, 392 Wis. 2d 49, ¶15.

¶25    Voss argues that his due process right to an impartial tribunal was violated by the circuit court's questioning of Voss's expert, Oehldrich, during the evidentiary hearing in the OWI case and by the court going to what Voss contends were "extreme lengths" in that case "to fabricate evidence that Voss had not taken his [medication] as prescribed" in order to deny Voss's request to withdraw his plea.  Because the court in this case relied on its findings and determinations in the OWI case, Voss concludes that bias in the OWI case results in bias here.  As we now explain, Voss has not rebutted the presumption of impartiality, nor has he met his burden of establishing bias in the OWI case or in this case by a preponderance of the evidence.

12

¶26    Voss takes issue with the circuit court's questioning of Oehldrich regarding the side effects of Voss's medications and whether those medications would include instructions to avoid driving while taking the medications.[5]

¶27    Notably, WIS. STAT. § 906.14(2) expressly permits a circuit court to question witnesses.  *See* § 906.14(2) ("The judge may interrogate witnesses, whether called by the judge or by a party.").  Voss argues, however, that the court's questions amounted to the court becoming an advocate for the State, contrary to our supreme court's holding in *State v. Jiles*, 2003 WI 66, 262 Wis. 2d 457, 663 N.W.2d 798.

¶28    In *Jiles*, the circuit court took up a suppression motion filed by the defendant, even though the State was unprepared and did not have a copy of the defendant's motion.  *Id.*, ¶¶10-11.  The court then presented the facts and arguments on the State's behalf, relying on the police reports as evidence, and denied the motion to suppress.  As summarized by our supreme court, "When the State showed surprise that [the defendant] had filed a suppression motion, the circuit judge intervened and assumed the State's burden of establishing the existence of proper *Miranda*[6] warnings and voluntariness.  The court took over,

---

[5] The full transcript of the evidentiary hearing from the OWI case is not included in the appellate record in this case, although Voss included it as an appendix to his brief-in-chief.  In his brief-in-chief, Voss quotes the court's questioning from the hearing that he contends shows bias, citing his appendix.  The State does not object to Voss's reliance on this hearing testimony.  In fact, in its replacement brief, the State itself asks that we "take judicial notice" of information from the OWI case "as documents related to them are not in the record of this appeal but the events recorded are not subject to reasonable dispute."  Thus, we consider in this case the evidentiary hearing transcript from the OWI case.

[6] *Miranda v. Arizona*, 384 U.S. 436 (1966).

sua sponte, and dominated the hearing to such an extent that the State could barely get a word in, much less present evidence." *Id.*, ¶38.

¶29  The *Jiles* court reversed the judgment of conviction, concluding that the defendant's suppression hearing was "inadequate." *Id.*, ¶49.  In reaching its conclusion, the court observed that "[t]he prosecutor remained a bystander before, during, and after the court found that the police report met the State's burden of production." *Id.*, ¶44.  The court reasoned:  "The [suppression] hearing is an evidentiary hearing for the parties.  It is not a soliloquy for the court.  The court must not permit itself to become a witness or an advocate for one party.  A defendant does not receive a full and fair evidentiary hearing when the role of the prosecutor is played by the judge and the assistant district attorney is reduced to a bystander." *Id.*, ¶39.

¶30  We conclude that the circuit court's brief questioning during the evidentiary hearing in the OWI case does not establish bias and is not remotely similar to what the supreme court concluded was impermissible in *Jiles*.  Thus, Voss's comparison to *Jiles* is inapt.[7]

¶31  Likewise unpersuasive are Voss's assertions that the circuit court showed bias by "fabricat[ing]" evidence to reach its conclusion that Voss did not take Hydrocodone as prescribed.  As stated, we determined on appeal in the OWI

---

[7] In his supplemental reply brief, Voss cites three additional cases in support of his judicial bias claim, but none of the cases cited support the view that the circuit court was constitutionally biased here.  Moreover, one of the cases, *State v. Carprue*, 2003 WI App 148, 266 Wis. 2d 168, 667 N.W.2d 800, was overturned by our supreme court. *See State v. Carprue*, 2004 WI 111, 274 Wis. 2d 656, 683 N.W.2d 31.

14

case that the court's factual conclusion on this point was supported by the record and not clearly erroneous. Voss offers no basis to revisit that conclusion.

¶32 In sum, none of Voss's arguments suffice to overcome the presumption that the circuit court "acted fairly, impartially, and without bias" in either the OWI case or in this case. *See Miller*, 392 Wis. 2d 49, ¶16. The court therefore properly denied Voss's motion for recusal.

*IV. Discretionary Reversal*

¶33 Voss argues that we should exercise our discretionary authority under WIS. STAT. § 752.35 to reverse the circuit court. *See* § 752.35 ("In an appeal to the court of appeals, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from."). "[T]he discretionary reversal statute should be used only in *exceptional* cases." *State v. McKellips*, 2016 WI 51, ¶52, 369 Wis. 2d 437, 881 N.W.2d 258 (emphasis in original).

¶34 Voss's asserted grounds for discretionary reversal merely repeat his various arguments regarding his claimed involuntary intoxication defense. Given our rejection of this argument, we conclude that this is not an exceptional case in which discretionary reversal is warranted. *See State v. Ferguson*, 2014 WI App 48, ¶33, 354 Wis. 2d 253, 847 N.W.2d 900 (rejecting request for

discretionary reversal when a party "merely rehashes contentions that we have already rejected").[8]

*By the Court.*—Orders affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[8] To the extent that we have not specifically addressed any other arguments made by the parties, we have determined that we need not address them here, either because the arguments are undeveloped, *see Pettit*, 171 Wis. 2d at 646, or because we have decided the appeal on other dispositive grounds, *see **Barrows v. American Family Ins. Co.***, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013).